STATE v. AMERICUS COOPER.

*Tales Jurors, Qualification of.*

Tales jurors must own real estate of freehold situate in the county where
the court is held in which they are to serve.

INDICTMENT for larceny tried at Spring Term, 1880, of
WAKE Superior Court, before *Gudger, J.*

On the trial of this case, a tales juror was challenged for
cause on the ground that he was not a freeholder within the
county of Wake, (he owned land lying in the county of

Franklin.)  The challenge was disallowed by the court and the defendant excepted.  Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.
No counsel for defendant.

ASHE, J.   There was error in refusing to allow the challenge.  By virtue of section 25, chapter 31, of the Revised Code, it was provided "that the courts of pleas and quarter sessions, at the first term which shall be held after the first day of January next and once at least in every two years thereafter, shall cause their clerk to lay before them the tax returns of the preceding year for their county, from which they shall select the names of such persons only as are freeholders, and as are well qualified to act as jurors, a list of which names shall be made out by their clerk and constitute the jury list; and such jury lists so made up shall continue for two years in its operation," &c.   The 26th section of the same chapter provides how the names on the list shall be written on scrolls and put in a box prepared for the purpose with two divisions, marked No. 1 and 2, and the jurors to be drawn for each court from No. 1 and placed in No. 2., &c., &c.   And then in section 29 of the same chapter it is further provided "that there may not be a defect of jurors, the sheriff shall by order of court summon from day to day, of the bystanders, other jurors, being freeholders within the county where the court is held, to serve on the petit jury, and on any day the court may discharge those who have served the preceding day."

The same qualification is required for tales jurors as for jurors on the original panel, to-wit, that they should be freeholders within the county where the court is held, which must mean that they must own real estate in the county where the court, to which they are summoned to serve as

jurors, is held. We do not see how there can be any doubt about the construction of the act as it stood in the code. The fact that in forming the list for a county the names of such persons only as are freeholders should be selected, and that that selection was required to be made from the tax returns of the preceding year, is conclusive that the legislature contemplated that the jurors should own real estate sufficient to qualify them as freeholders, in the county where the court is held. All the lands in the county owned by individuals or corporations are required to be listed for taxation, and are presumed to be entered with the names of their owners on the tax returns of the county. It is the place where every one would look to find who of the citizens of the county were freeholders within its boundaries. They certainly would not expect to find there who of the citizens owned land in other counties. But the law in regard to the qualification of jurors on the original panel is now altered. By the act of 1868, ch. 9, § 2, the only qualification required is that they should have paid tax for the preceding year, and be of good moral character, and of sufficient intelligence, but it is different as to tales jurors. The provision in section 29 of chapter 31 of Revised Code above cited, has not been altered or amended, but has been carried forward in Battle's Revisal, page 860, in the very words of the Revised Code, as an addendum to the Code of Civil Procedure, § 229. The language of the section is explicit, "that there may not be a defect of jurors, the sheriff shall by order of the court summon, from day to day, of the bystanders, other jurors, *being freeholders within the county where the court is held*, to serve on the petit jury."

We think there can be no possible room for doubt about the proper construction of this proviso. It prescribes who must be summoned as tales jurors; first, they must be bystanders; and secondly, they must be freeholders within the county where the court is held. The term "within the

43

county where the court is held," evidently refers to the pro-prietorship of real estate within the borders of the county, and not to the presence within the county of the persons to be summoned who are freeholders in that or other counties; for this last requisite, if that is meant, would be superfluous, as they had been already required to be of the bystanders. There was a motion in arrest of judgment on the ground of a defect in the indictment, but it is unnecessary to consider that question, as the decision on the point discussed disposes of the case.

There is error. Let this be certified to the superior court of Wake county that a writ of *venire de novo* may be award-ed the defendant.

Error. *Venire de novo.*